UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAHA VISCONTI,

    *Plaintiff*,

v.

JOSEPH BURGHARDT, *et al.*,

    *Defendant*.

Civil Action No. 23-3145 (RDM)

## MEMORANDUM OPINION AND ORDER

Plaintiff Maha Visconti, proceeding *pro se*, brought this action against State Court Judge Joseph Burghardt, Federal District Court Judge Jesus Bernal, the Superior Courts of Los Angeles, the United States District Court for the Central District of California, the Clerks of the Central District Court of California, the United States of America, and the Federal Bureau of Investigations ("FBI"). Dkt. 1 at 4–5. Plaintiff claims that she was "unlawfully and illegally incarcerated on 8/22/2023 without due process nor any single evidence of any crime, nor violation by Defendant State Court Judge Burghardt." *Id.* at 6. She also claims that Judge Bernal "was not randomly selected" to preside over her two federal court cases, *id.* at 11; *see also id.* at 10, that Judge Bernal previously criminally conspired with her ex-husband, *id.* at 12, and that Judge Bernal is retaliating against her in her cases, *id.* at 13. She seeks damages, in the amount of $50 million, under 28 U.S.C. § 1983. *Id.* at 22. Her civil cover sheet also indicates that she seeks habeas relief, *id.*, and her complaint elsewhere alleges constitutional due process violations, *id.* at 6, 8. Plaintiff further seeks injunctive relief against "[a]ll bench officers in Los Angeles Superior[] and Federal Court at Central District Court." *Id.* at 7.

After purporting to serve Defendant Judge Burghardt, Dkt. 18, Plaintiff filed a motion

for default judgment as to Judge Burghardt, Dkt. 19.  Judge Burghardt opposed that motion, explaining that he had not been properly served because he "never received a properly issued summons."  Dkt. 25 at 1–2.  As Judge Burghardt points out, the "summons filed with the affidavit [for proof of service represents] that service occurred on February 9, 2024, but the attached summons is not directed to Judge Burghardt, is not signed by the Clerk, and does not bear the court's seal."  *Id.* at 2 (citing Dkt. 18).  After filing her motion for default but before Judge Burghardt filed his response, Plaintiff filed a second affidavit of service, Dkt. 23, this time claiming service on the Superior Court of Los Angeles, *id.* at 2.  The attached summons was blank and was not signed by the Clerk.  *Id.* at 1.

On April 4, 2024, Plaintiff filed a request for summons to issue to five defendants.  Dkt. 29.  These were directed to: Joseph Burghardt, *id.* at 1, the Superior Courts of Los Angeles, Dkt. 29-1 at 1, the Clerks of Central District Court of California, Los Angeles Division, Dkt. 29-2 at 1, the FBI, Dkt. 29-3 at 1, and Jesus Bernal, Dkt. 29-4 at 1.  The five summons were signed and sealed by the Clerk on April 8, 2024.  Dkt. 31.  Plaintiff purported to file a Certificate of Service on April 13, 2024, Dkt. 38, but, rather than attesting to the proper service of process pursuant to Rule 4, her filing merely indicated that she had served Dkts. 27, 30, 32, 33, 34, and 35 on Defendants using the CM/ECF system.  Dkt. 38 at 1–2.  It said nothing of service of the summons or complaint.  *See id.*

On April 26, 2024, Judge Burghardt and the Superior Court of California, County of Los Angeles moved to dismiss for lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim on which relief can be granted.  Dkt. 46.  That same day, the Court issued a *Fox*/*Neal* Order directing Plaintiff to file her opposition to the motion to dismiss on or before May 20, 2024.  Dkt. 48.  Plaintiff moved for an extension of time, Dkt.

49, and the Court granted her an extension until June 12, 2024, to file her opposition, Min. Order (May 13, 2024).  Rather than file her opposition, however, Plaintiff submitted a series of other documents: she filed an Ex Parte Application for an Order to Obtain Video Camera Footage, Dkt. 50, dated May 28, 2024; she filed a Brief in Support of Complaint and Request for Equitable and Injunctive Relief, Dkt. 55, dated June 1, 2024; and she filed a Motion for Expedited Discovery and to Compel the Production of Documents, Dkt. 57, dated June 3, 2024.  Judge Burghardt opposed the Ex Parte Application.  Dkt. 54.

On June 6, 2024, Plaintiff then filed an "urgent notice" for a further extension of time until June 20, 2024, to oppose the pending motion to dismiss.  Dkt. 53.  According to Plaintiff, she was unable to get paper and pencils with which to finish writing her opposition.  *Id.*  The Court granted the extension.  Min. Order (Jun. 9, 2024).

Plaintiff filed a Declaration in Support of Motion for Discovery, which is dated June 12, 2024.  Dkt. 58.  Then, Plaintiff filed a Declaration in Support of Plaintiff's Motion to Change Time for Expedited Discovery and to Compel Production of Documents and Records, which is dated June 14, 2024.  Dkt. 61.  Plaintiff filed a Motion to Change Time for Hearing or Consideration on Plaintiff's Motion for Expedited Discovery and to Compel Production of Documents, which is dated on June 15, 2024.  Dkt. 60.  In a document dated that same day, entitled "Extremely Further Urgent Notification," Plaintiff claimed that she had been barred as of June 12, 2024, from going to the law library at the facility in which she is incarcerated and thus could not finalize her opposition to the motion to dismiss.  Dkt. 62 at 3–4.  Plaintiff requests permission to submit her opposition brief eight days after the date on which she regains access to the law library.  *Id.* at 5; *see also* Dkt. 64.  She also moves for a court order granting her immediate access to Los Angeles County Jail Facility ("CRDF") Jail's Law

Library. Dkt. 63.

Notwithstanding Plaintiff's contention that she not been allowed to conduct any legal work or to go the law library since June 12, 2024, she filed a lengthy motion for sanctions pursuant to Rule 11, Dkt. 65, which is dated June 18 and 19, 2024. She also filed a Notice of Adding CRDF as a party to this action, which is dated June 20, 2024. Dkt. 67. Plaintiff additionally filed a partial opposition to Defendants' motion to dismiss, Dkt. 68, dated June 20, 2024, along with two notices of exhibits in support of that opposition brief, Dkt. 69; Dkt. 70. The partial opposition responds to Defendants' claim of judicial immunity but does not address the Court's jurisdiction. *See generally* Dkt. 68.

Plaintiff's myriad motions are premature. Plaintiff bears the burden of establishing that the court has subject-matter jurisdiction, *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992), and "establishing a factual basis for the exercise of personal jurisdiction" over each defendant, *Crane v. N.Y. Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990). Plaintiff has met neither burden. Where, as here, the plaintiff is proceeding *pro se*, the court will hold her pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), but "as with any other plaintiff, a *pro se* plaintiff must meet h[er] burden of establishing subject-matter jurisdiction." *Patel v. Ambit Grp.*, No. 18-cv-2985, 2019 WL 4472124, at *2 (D.D.C. Sept. 17, 2019). "Until the court has established personal jurisdiction [over a party]," moreover, "any assertion of judicial power over the party violates due process." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982). The Court will, accordingly, deny her myriad motions without prejudice as premature and order her to show cause why the case should not be dismissed for lack of subject-matter jurisdiction, lack of personal

4

jurisdiction, and failure to state a claim upon which relief can be granted.

The Court doubts that it has jurisdiction for at least three reasons. First, Plaintiff seeks to challenge various prior state or federal court proceedings that this Court lacks jurisdiction to review. For the claims related to state court proceedings in Los Angeles Superior Court, this Court "cannot review the decisions of state courts or direct state court judicial off[ic]ers in the performance of their duties." *Zernik v. U.S. Dep't of Just.*, 630 F. Supp. 2d 24, 27 (D.D.C. 2009); *see also Richardson v. D.C. Ct. of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) ("[W]ithin the *Rooker-Feldman* doctrine, . . . federal district courts lack jurisdiction to review judicial decisions by state and District of Columbia courts."). For the claims related to federal court proceedings in the Central District of California, "one district court does not have jurisdiction to review the decisions of another district court or federal appellate court or to take disciplinary action against other federal judges." *Klayman v. Kollar-Kotelly*, No. 12-5340, 2013 WL 2395909, at *1 (D.C. Cir. May 20, 2013) (citations omitted).

Second, the Court lacks jurisdiction over damages claims against state officials that are barred by sovereign immunity or Eleventh Amendment immunity. *See Dougherty v. United States*, 156 F. Supp. 3d 222, 228 (D.D.C. 2016), *aff'd sub nom. Dougherty v. McKee*, No. 16-5052, 2017 WL 2332591 (D.C. Cir. Feb. 2, 2017) (explaining that sovereign immunity defenses are evaluated under Rule 12(b)(1)). The Eleventh Amendment bars suits against the state or state officials sued in their official capacities for damages unless the state has waived its immunity or Congress has abrogated that immunity pursuant to Section 5 of the Fourteenth Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Plaintiff brings her claims pursuant to Section 1983, and Congress did not abrogate state sovereign immunity in suits against states or state officials named in their official capacities when it

passed Section 1983.  *Id.* at 71.  Similarly, Plaintiff fails to identify any waiver of federal sovereign immunity that would permit her to recover damages from the federal defendants.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *see also Smith v. Scalia*, 44 F. Supp. 3d 28, 38 (D.D.C. 2014), *aff'd*, No. 14-5180, 2015 WL 13710107 (D.C. Cir. Jan. 14, 2015) ("[T]o the extent that [Plaintiff] has sued the judges in their official capacity, these defendants are part of the United States government for the purposes of sovereign immunity[.]").

Third, Plaintiff has offered no basis to conclude that the Court has personal jurisdiction over Judge Burghardt or the Superior Court of Los Angeles—the only defendants she has purportedly served.  Dkt. 18; Dkt. 23.  Neither are "essentially at home" in the District of Columbia and thus subject to general personal jurisdiction.  *Ford Motor Co. v. Mont. Eighth Jud Ct.*, 592 U.S. 351, 358 (2021).  Nor does Plaintiff allege contacts with the District of Columbia that would satisfy the D.C. long-arm statute, D.C. Code § 13-423, or the constitutional requirements of due process.  *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).

Finally, even if the Court has subject matter and personal jurisdiction, and even if (*i.e.*, assuming without deciding) that the judicial officers and courts she seeks to sue are not protected by absolute judicial immunity, *compare* Dkt. 47 at 16–17, *with* Dkt. 68 at 17–36, Plaintiff's claims do not appear to be claims on which this Court could grant relief.  To the extent that Plaintiff seeks release from incarceration, "a prisoner may not challenge 'the fact or duration of his confinement' in a civil action brought under 42 U.S.C. § 1983 . . . [r]ather, the sole remedy for assertedly unlawful incarceration is through habeas corpus."  *Dufur v. United States Parole Comm'n*, 34 F.4th 1090, 1095 (D.C. Cir. 2022) (quoting *Preiser v. Rodriguez*,

411 U.S. 475, 489 (1973)). Although Plaintiff refers to habeas in her civil cover sheet, she has not filed a habeas petition and, more importantly, has not sued her immediate custodian in the district in which she is confined. *Id.* at 1097; *see also* 28 U.S.C. § 2241. And, to the extent that Plaintiff seeks damages for wrongful conviction, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Plaintiff nowhere alleges that her conviction or sentence have been reversed, invalidated, or expunged, and, indeed, she suggests just the contrary.

For all of these reasons, the Court **DENIES** as premature Plaintiff's motion for subpoenas to issue, Dkt. 37, motion for discovery, Dkt. 57, motion for expedited discovery, Dkt. 60, and motion for sanctions, Dkt. 65. The Court further **ORDERS** Plaintiff to **SHOW CAUSE** within 21 days—that is, on or before July 15, 2024—(1) why the Court has personal and subject-matter jurisdiction in this case; (2) why the Court has personal jurisdiction over each named defendant; (3) why the named judicial officers and agents are not immune from suit; and (4) why the case should not be dismissed pursuant to *Dufur*, 34 F.4th at 1095, and *Humphrey*, 512 U.S. at 486–87. Plaintiff is cautioned that if Plaintiff fails to respond to this order in a timely manner, the Court will grant the pending motion to dismiss, Dkt. 46, will deny Plaintiff's motion for default judgment, Dkt. 19, and will dismiss the action for one or more of the reasons identified above and/or for failure to prosecute. Given Plaintiff's claims about access to the law library, the Court **GRANTS** in part Plaintiff's motion for extension of time, Dkt. 64. Plaintiff shall file her full opposition to Defendants' motion to dismiss on or

before July 15, 2024, along with her answer to the Show Cause Order.

The Court further **ORDERS** that pending further order of the Court, Plaintiff shall not file **any** motions or notices in this matter that do not relate specifically to the questions posed above and the pending motion to dismiss. Plaintiff is cautioned that if she disregards this Order and continues to file extraneous material on the docket, the Court may rescind her CM/ECF filing privileges and/or dismiss her suit for failure to comply with the Court's directions. *Cf. Peterson v. Archstone Communities LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011); *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962). Plaintiff's repeated requests for extensions of time to respond to the pending motion to dismiss based on a lack of access to necessary supplies or a law library are difficult to reconcile with her copious filings (including multiple filings dated the same day) that fail to address the Court's jurisdiction to proceed. For now, Plaintiff's **sole** focus should be on responding to this Order and the pending motion to dismiss.

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: June 22, 2024