UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAHA VISCONTI,

    *Plaintiff*,

v.

JOSEPH BURGHARDT, *et al.*,

    *Defendants*.

Civil Action No. 23-3145 (RDM)

## MEMORANDUM OPINION

Plaintiff Maha Visconti, proceeding *pro se*, brings this action against State Court Judge Joseph Burghardt, Federal District Court Judge Jesus Bernal, the Superior Courts of Los Angeles, the United States District Court for the Central District of California, the Clerks of the Central District Court of California, the United States of America, and the Federal Bureau of Investigations ("FBI"). Dkt. 1 at 4–5. For the reasons explained below, the Court will **DISMISS** the action.

### I.  BACKGROUND

Plaintiff claims that she was "unlawfully and illegally incarcerated on 8/22/2023 without due process nor any single evidence of any crime, nor violation by Defendant State Court Judge . . . Burghardt." *Id.* at 6. She also claims that Judge Bernal "was not randomly selected" to preside over her two federal court cases, *id.* at 11; *see also id.* at 10; that Judge Bernal previously criminally conspired with her ex-husband, *id.* at 12; and that Judge Bernal is retaliating against her in her cases, *id.* at 13. She seeks damages, in the amount of $50 million, pursuant to 42 U.S.C. § 1983, Dkt. 1-1 at 1, and a "permanent injunction against all bench officers in Los Angeles superior[] and federal court at Central District Court," Dkt. 1 at 7.

On April 26, 2024, Judge Burghardt and the Superior Court of Los Angeles moved to dismiss for lack of personal jurisdiction, lack of subject-matter jurisdiction, judicial immunity, for failure to state a claim, and on other grounds. *See generally* Dkts. 46 & 47. The Court, in turn, issued a *Fox/Neal* order, directing that Visconti respond to that motion and cautioning her about the consequences of failing to do so. Dkt. 48. After receiving multiple extensions of time, Visconti filed a partial opposition on June 21, 2024, Dkt. 68, which she amended on July 17, 2024, Dkt. 82, when she filed further opposition briefs, Dkts. 81, 83–84, to which she added attachments on July 20, 21 & 22, 2024. Dkts. 87–89, 91–92.

In the meantime, on June 22, 2024, the Court issued a Show Cause Order, Dkt. 71, directing Visconti to show cause "(1) why the Court has . . . subject-matter jurisdiction in this case; (2) why the Court has personal jurisdiction over each named defendant; (3) why the named judicial officers and agents are not immune from suit; and (4) why the case should not be dismissed pursuant to *Dufur* [*v. U.S. Parole Comm'n*, 34 F.4th 1090, 1095 (D.C. Cir. 2022)] and [*Heck v.*] *Humphrey*, [512 U.S. 477, 486–87 (1994)]." Dkt. 71 at 7. As the Court explained, Visconti bears the burden of establishing that the court has subject-matter jurisdiction, *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992), and "establishing a factual basis for the exercise of personal jurisdiction" over each defendant, *Crane v. N.Y. Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990). Dkt. 71 at 4. The Court directed that Visconti respond to the Court's questions when she responded to the pending motion to dismiss.

Where, as here, the plaintiff is proceeding *pro se*, the Court will hold her pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), but "as with any other

2

plaintiff, a *pro se* plaintiff must meet h[er] burden of establishing subject-matter jurisdiction," *Patel v. Ambit Grp.*, No. 18-cv-2985, 2019 WL 4472124, at *2 (D.D.C. Sept. 17, 2019).  "[A] district court may dismiss a complaint *sua sponte* prior to service on the defendants pursuant to Fed. R. Civ. P. 12(h)(3) when . . . it is evident that the court lacks subject-matter jurisdiction." *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010).

A district court may also *sua sponte* dismiss a complaint under Rule 12(b)(6) where "it is patently obvious" that the plaintiff cannot "prevail[] on the facts alleged in h[er] complaint." *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990); *see also Strunk v. Obama*, 880 F. Supp. 2d 1, 3 (D.D.C. 2011).  Finally, although a defendant may waive personal jurisdiction, where—as here—a defendant seeks to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears "the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant."  *Crane*, 894 F.2d at 456.

Visconti filed a response to the Court's order to show cause on July 15, 2024, Dkt. 79, and a supplemental response to Court's order on July 20, 2024, Dkt. 85.  These responses along with her multiple documents in opposition to Defendant Burghardt and the Superior Court's Motion to Dismiss, Dkts. 81–84, 87–89, 91–92, shed further light on her complaint.  The Court considers her *pro se* complaint "in light of all filings, including filings responsive to a motion to dismiss," even though "[p]ro se complaints must still contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ho v. Garland*, 2024 WL 3260764, at *2 (D.C. Cir. Jul. 2, 2024) (internal quotation marks and citation omitted).

Visconti explains that her civil action is for "fraud upon the court (Rule 6[0](b)) from fraudulent documented incarceration because of Amber Gordon on August 21, 2023 without

jurisdiction nor authority, nor due process." Dkt. 79 at 5.[1] Amber Gordon appears to have been a defense attorney who was assigned to represent Visconti in a prior case, *see* Dkt. 84-1 at 22, and who subsequently became embroiled in Visconti's other proceedings, *see id.* at 65. Visconti alleges that she "served (16) sixteen months of jail time because of Amber Gordon, from also extrinsic fraud on the court, without any conviction nor any jury trial." Dkt. 79 at 5; *see also* Dkt. 81 at 22 (describing how she spent "16 months jail time not as an inmate or prisoner but as a hostage" because of Amber Gordon's "pathological lies made in open court of criminal acts that are totally bogus"); Dkt. 91-1 at 10–11 (Order from Judge Burghardt revoking release on her own recognizance and issuing bench warrant); *id.* at 19 (remanding to custody); Dkt. 91-2 at 2–69 (detention hearing transcript). Visconti "seeks compensatory damages, including but not limited to loss of income, loss of interest in life, noneconomic damages, such as emotional distress, humiliation, embarrassment, punitive damages, and most importantly declaratory and injunctive relief to prevent more damages and abusive conduct of fraud upon the court." Dkt. 79 at 5 (capitalization altered). She describes her complaint as pleading "abuse of due process, fraudulent incarceration, fraud upon the court and it's [*sic*] cover up, and war on the Constitution of the United States, the 14th, 8th Amendment, and 6th Amendment violations as well as 5th Amendment rights of Plaintiff." Dkt. 82 at 13–14.

Visconti was also convicted in February 2024, in a case relating to Albert Gregory Pinto, but she is adamant that she is not challenging her conviction and subsequent incarceration in the Pinto case. Dkt. 79 at 13 ("[T]he conviction of February 14, 2024 in

---

[1] Given the rest of her response, the Court takes the reference to Rule 6(b) to be a typographical error that is supposed to read Rule 60(b). *See* Dkt. 79 at 37–41.

Pinto's bogus case . . . has nothing to do with claims for relief in this action."); *see also id.* at 11 (describing how the Pinto conviction had not occurred when this complaint was filed and how the incident "with Amber Gordon and other proceedings of fraudulent incarceration that took place without any conviction on August 21, 2023 and prior other violations . . . have NOTHING to do with the conviction of February 15, 2024"); *see also id.* at Dkt. 85 at 20. Visconti has clarified that she "did not intend to check any box of habeas corpus" on her original civil cover sheet, Dkt. 79 at 15, she has filed an amended cover sheet, Dkt. 80, and she repeatedly states that she is not seeking habeas corpus relief or other relief from her conviction in the Pinto matter. *See, e.g.*, Dkt. 79 at 75; Dkt. 82 at 41.

## II. ANALYSIS

The Court lacks jurisdiction over this matter. First, Visconti is challenging state court proceedings that this Court lacks jurisdiction to review. Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to review judicial decisions by state . . . courts." *Richardson v. D.C. Ct. of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996). In her response to the Court's order to show cause and supplement, Visconti repeatedly asserts that she is not asking for review of her conviction in the Pinto case. *See, e.g.*, Dkt. 79 at 11–13. That may be the case, but Visconti *is* challenging what occurred before Judge Burghardt on August 21, 22, 24, and 25, 2024. *See* Dkt. 79 at 34; Dkt. 81 at 41–74; Dkt. 47-1 at 4. She fails to offer any basis to conclude that this Court has jurisdiction to review those state-court proceedings. Visconti merely argues that Defendants are not sharing "what really and truly took place that day of August 21, 2023;" that they are not providing "accurate records of what actually transpired that day inside the courtroom of Defendant Burghardt;" and that they are trying to "hide those facts about Amber Gordon's fabrications." Dkt. 81 at 27–28. Visconti may dispute what occurred

5

at those proceedings, but, regardless of what happened, this Court lacks jurisdiction to review the proceedings under Rule 60(b) or otherwise. *See* Dkt. 79 at 27–42.

The same is true of any relief Visconti seeks based on Judge Bernal's orders in the United States District Court for the Central District of California. Visconti barely mentions the federal defendants in her response to the order to show cause and her other filings, and she offers no reason to conclude that this Court has jurisdiction to review the decisions of another federal district court or take action against another federal judge based on his decisions and judicial actions. *See Klayman v. Kollar-Kotelly*, No. 12-5340, 2013 WL 2395909, at *1 (D.C. Cir. May 20, 2013) (citations omitted).

To the extent that Visconti asserts damages claims against any state or federal agencies or officials (acting in their official capacities), those claims are also barred by sovereign immunity. *See Dougherty v. United States*, 156 F. Supp. 3d 222, 232–33 (D.D.C. 2016), *aff'd sub nom. Dougherty v. McKee*, No. 16-5052, 2017 WL 2332591 (D.C. Cir. Feb. 2, 2017). The Eleventh Amendment bars suits against the State of California and any state officials sued in their official capacities for damages, absent the State's waiver of immunity or an Act of Congress abrogating that immunity pursuant to Section 5 of the Fourteenth Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Although Visconti brings claims pursuant to Section 1983, that law does not abrogate state sovereign immunity in suits against states or state officials named in their official capacities. *Id.* at 71. Visconti also fails to identify any waiver of federal sovereign immunity that would permit her to recover damages from the federal defendants. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *see also Smith v. Scalia*, 44 F. Supp. 3d 28, 38 (D.D.C. 2014), *aff'd*, No. 14-5180, 2015 WL 13710107

6

(D.C. Cir. Jan. 14, 2015) ("[T]o the extent that [Plaintiff] has sued the judges in their official capacity, these defendants are part of the United States government for the purposes of sovereign immunity[.]").

Visconti responds that she seeks injunctive relief pursuant to the *Ex Parte Young* exception to sovereign immunity. Dkt. 79 at 71. The only "ongoing" injury she alleges, however, is Amber Gordon "withholding and stealing [her] valuable documents and her own discovery material," which are "still missing." *Id.*; *see also* Dkt. 81 at 21; Dkt. 83 at 47. Visconti does not argue that any of the defendants named in this case are actively withholding such documents or directly causing this injury. Rather, she alleges that "there has been encouragement," "plots by those Supervisors Judges behind it all for years," and "implicit authorization." Dkt. 79 at 72. If this is Visconti's theory of liability, she has failed to plead a plausible claim for relief. These cursory and conclusory allegations fail to state a plausible claim for relief against any individuals, *see id.*; *see also* Dkt. 85 at 15, and, among other flaws, fail to allege a "policy or custom" sufficient to state a Section 1983 claim against the defendants in their official capacity, *see Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)); Dkt. 85 at 17.

To the extent that Visconti brings suit against Judge Burghardt and the Superior Court of Los Angeles, Dkt. 79 at 73–74, her claim also fails for lack of personal jurisdiction. Judge Burghardt resides in California. *See* Dkt. 79 at 47. Moreover, neither Judge Burghardt nor the Superior Court of Los Angeles is "essentially at home" in the District of Columbia, *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021), and neither appears to have the type of contacts with the District of Columbia that would satisfy the D.C. long-arm statute, D.C. Code § 13-423, or the constitutional requirements of due process, *GTE New*

7

*Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).

The problems with Visconti's complaint do not stop there. Visconti repeatedly emphasizes that she is not challenging her current confinement and is not bringing a *habeas corpus* claim. Dkt. 85 at 20; Dkt. 79 at 75. To distinguish her claims from claims that would be precluded by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), she argues that her "action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against [her]," and thus should be allowed to proceed. Dkt. 81 at 34. But that contention is hard to square with her requests for relief from a final judgment, order, or proceeding pursuant to Federal Rule of Civil Procedure 60(b), Dkt. 79 at 37–41, and for damages pursuant to Section 1983 resulting from her allegedly fraudulent imprisonment, Dkt. 82 at 32. She fails to offer any alternative theory of relief that would satisfy *Heck v. Humphrey*. *See* Dkt. 85 at 20–21.

Finally, Visconti's claims against the judges and clerks are barred by judicial immunity. "[J]udicial immunity is not overcome by allegations of bad faith or malice," rather "the immunity is overcome in only two sets of circumstances." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11–12 (internal citations omitted). "'[W]hether an act by a judge is a "judicial" one relate[s] to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity.'" *Id.* at 12 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Allegations that the judge acted in excess of his authority do not suffice to establish that the judge acted in "the

8

complete absence of all jurisdiction." *Id.* at 13.  Here, Visconti's factual allegations describe Judge Burghardt performing a judicial function—holding hearings that resulted in revocation of her release on personal recognizance and her detention without bail—and acting pursuant to his jurisdiction over the case.  Dkt. 82 at 20–29; *see also* Dkt. 91-1 at 11 (finding by "clear and convincing evidence a substantial likelihood that defendant's release would result in great bodily harm to others, specifically Ms. Gordon" and that "there is no less restrictive condition than detention that can reasonably protect the interests of the public or victim safety and the defendant's appearance in court"); Dkt. 91-2 at 63–69 (issuing findings on the record to support detention).  The only claims against Judge Bernal are also related to, arise out of, or were taken pursuant to his role as a judge.  *See* Dkt. 1 at 11–12.  Accordingly, Visconti's claims against Judges Burghardt and Bernal, and the "Clerks of the Central District Court," *id.*, must be dismissed on grounds of absolute judicial immunity, *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993).

## CONCLUSION

For all of the foregoing reasons, the Court concludes that Visconti has failed to allege facts, if accepted as true, to establish subject-matter jurisdiction, personal jurisdiction over Judge Burghardt or the Superior Court of Los Angeles, or to state a claim upon which relief may be granted.  The Court will, accordingly, **DISMISS** the complaint in its entirety, and because amending the complaint would be futile, the Court will **DISMISS** the action and will terminate this case.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  July 23, 2024

9